HON. CHARLES W. WHIPPLE, C. J.
HON. WARNER WING,
HON. GEORGE MILES,     } JUSTICES.
HON. SANFORD M. GREEN,

MEMORANDUM.—The Hon. EPAPHRODITUS RANSOM, Chief Justice, was elected governor of the state at the November election, 1847, and entered on the duties of the office the first day of January, 1848, when he resigned his seat on the bench. On the 2nd March following, the Hon. CHARLES W. WHIPPLE was appointed Chief Justice in his place, and transferred from the fourth to the third circuit; and at the same time, the Hon. SANFORD M. GREEN was appointed Associate Justice of the court, and to hold the circuit courts for the fourth circuit, in the place of Justice WHIPPLE. Justice GREEN took his seat on the bench near the close of the present term.

————○○○○○————

## PARKS *v.* GOODWIN & HAND.

Where, between the argument of a cause in error and the decision of the court affirming the judgment, the debtor has been discharged in bankruptcy, on motion the court will grant a perpetual stay of execution.

MOTION for a perpetual stay of execution. Goodwin & Hand recovered a judgment in the circuit court of Oakland against Parks, who sued out a writ of error from this court, which affirmed the judgment of the circuit court. Between the argument of the cause and the decision of the court affirming the judgment, Parks was discharged in bankruptcy, and now moved for a perpetual stay of execution on the judgment.

*Parks*, in person.

*Knight*, contra.

*By the court,* WHIPPLE, J.   If a party is sued upon a claim or demand, from which he has been discharged by a decree of bankruptcy, he must avail himself of the discharge by an appropriate plea: if he fails to do this he may be made liable, notwithstanding his discharge. The mode in which a party may avail himself of such a defence, is fully pointed out in the bankrupt law.   The act, however, makes no provision in respect to a case situated as this is.   The party had not been discharged when called upon to plead to the assignment of errors. The case had been argued upon the issue made up between the parties, and submitted to the court for decision.   After such agreement and submission it was too late to interpose a plea: nothing remained to be done but to pronounce judgment upon the issue between the parties.   But when the judgment of this court was pronounced, he had been discharged from the judgment rendered against him by the circuit court: that judgment had been paid and discharged by operation of law.   The defendant in the court below having been thus discharged, it would seem proper that some mode ought to be devised by which effect should be given to his discharge.   Had he been present when the opinion of this court was announced and entry of affirmance directed, and suggested his discharge in bankruptcy, this court would either have suspended its judgment, or, having directed the judgment of the court below to be affirmed, would at the same time have given the party the rights secured to him by his discharge, and directed a stay of proceedings.   Situated as this cause was when the decree in bankruptcy was granted, it would seem to me the course pursued was the appropriate one.   The cause having been argued and submitted, it was proper for the court to give judgment, reserving to the bankrupt the right of availing himself of the benefit of his discharge when an attempt should be made to enforce the payment of the judgment by execution.   It is very true that the judgment in this case was a debt created *subsequent* to the discharge of the bankrupt; but the debt was founded upon a judgment from which the defendant in the court below had been discharged: the judgment had, in contemplation of law, been paid and satisfied.   Suppose, after the cause had been argued and

submitted, the plaintiff in error had paid and satisfied the judgment below, and obtained a discharge from the same, this court would not hesitate to direct a perpetual stay of execution, although the judgment below was affirmed; and yet, the debt created by the judgment rendered in this court had not in fact been paid, but the judgment in the court below, upon which the judgment of this court is based. This is but the exercise of an equitable power over its own judgments, which courts of law possess. The case of Bostwick *v.* Dodge, 2 Doug. Mich. Rep. 331, decided by this court in 1846, is an authority to show that this power may be exercised in a proper case. Dodge had obtained a judgment against Bostwick in the circuit court: Bostwick removed the case to the supreme court by writ of error. His counsel not having received advices from his client, proceeded to argue the cause in the supreme court upon the issue made in that court. The judgment below was affirmed, when Bostwick applied for an order to stay the execution, upon the ground that he had been discharged in bankruptcy after the sueing out of the writ of error, and before errors were assigned and the case argued, and that he did not think it necessary to take any further steps in the case, or advise further with his counsel.

We think if the court could rightfully stay the process in that case, it may in the case before us.

*Motion granted.*