Patrick P. Manion, Respondent, *v.* David Campbell, Appellant.

March 8, 1881.

Pending an appeal the defendant was adjudged a bankrupt; the judgment appealed from was affirmed and the surety satisfied the same, and sued the defendant for the money thus paid. *Held*, that the claim was not a contingent demand whose value could be ascertained, and was not provable under the act, and was not released by the discharge in bankruptcy.

Appeal from the St. Louis Circuit Court, Thayer, J. *Affirmed.*

Broadhead, Slayback & Haeussler, for the appellant, cited : *Fullwood* v. *Bushfield*, 14 Pa. St. 90 ; *Man* v. *Wells*,

7 How. 272; *Halliburton* v. *Carter*, 55 Mo. 435; *Monroe* v. *Upton*, 50 N. Y. 593; *Wolf* v. *Stix*, 99 U. S. 1.

GIVEN CAMPBELL, for the respondent, cited: *Halliburton* v. *Carter*, 55 Mo. 435; *Woodward* v. *Herbert*, 24 Me. 358; *Maguire* v. *Riggin*, 82 U. S. 549; *United States* v. *Rob Roy*, 1 Woods, 42; *Haggerty* v. *Morrison*, 59 Mo. 324.

BAKEWELL, J., delivered the opinion of the court.

On January 20, 1876, a judgment was rendered against defendant in the Circuit Court, from which he appealed on February 5, 1876, plaintiff being one of the sureties on the appeal-bond. On October 14, 1876, defendant was adjudged a bankrupt. On December 4, 1876, the judgment of the Circuit Court was affirmed. On March 15, 1877, Speck, the plaintiff in the original suit, sued the sureties on the appeal-bond, and judgment was rendered against them in Speck's favor, on May 27, 1877, for $4,682.50. His co-surety being insolvent, plaintiff, on October 20, 1879, paid to Speck $2,700, and obtained a release from Speck. Defendant obtained his discharge in bankruptcy on May 16, 1878. This action was brought by the surety to recover the money paid by him to Speck. There was a finding and judgment for plaintiff for the amount claimed.

The question which the record presents for our determination is as to the effect of the discharge in bankruptcy.

A discharge in bankruptcy releases the bankrupt from all debts, claims, liabilities, and demands which might have been proved against his estate, and which existed at the date of the commencement of proceedings in bankruptcy. Bankrupt Law, sects. 5115, 5119. Sects. 5067 and 5068 of the act declare what claims are provable. It is manifest that the present claim was not provable under the provisions of those sections, unless it can be maintained that it was a contingent liability whose value could be ascertained or liquidated.

When defendant was adjudicated a bankrupt, plaintiff was liable to pay nothing as his surety. The contingent demands provided for by the Bankrupt Act are those contingent demands which were in existence and in such a condition that their value could be estimated at the time when the party was decreed a bankrupt. On a proper application on the part of the bankrupt, the creditor whose claim was still in litigation in the appellate court might have been compelled to submit to a stay of all proceedings to await the determination of the court of bankruptcy on the question of discharge; and had this been done, the discharge of the bankrupt would have discharged his sureties. How would it have been possible for a court to arrive at a valuation of the chances that the judgment of the Circuit Court would be affirmed on appeal, and that one of the sureties on the appeal-bond might have to pay for his release?

There was no contingent debt due from defendant to plaintiff; but, at most, a contingency or possibility that such a claim might exist at some future time. Plaintiff had no claim until he had suffered an injury by becoming a surety. He first acquired a right of action against defendant by paying a sum of money to be discharged from the action on the bond. The existence of the claim, which in its nature was impossible of liquidation, was contingent upon an event which did not occur until after the discharge in bankruptcy. Plaintiff was liable to pay nothing as surety when defendant was adjudicated a bankrupt.

Defendant is clearly under an honorary as well as a legal obligation to save his bail; and we see nothing in the Bankrupt Act that impairs the legal obligation to do so in this case. *Ellis* v. *Ham*, 28 Me. 385; *Woodard* v. *Herbert*, 24 Me. 360; *Wells* v. *Mace*, 17 Vt. 505; *Riggin* v. *Maguire*, 82 U. S. 549; *United States* v. *Rob Roy*, 1 Woods, 42; 55 Mo. 438.

The judgment is affirmed. All the judges concur.