16　311
e20　41

[No. 1922.]

## COE v. WATERS.

1. BANKRUPTCY—DISCHARGE—EFFECT ON JUDGMENT.

A judgment was rendered against a surety on an appeal bond and pending an appeal from such judgment by said surety he filed his petition in bankruptcy and was discharged from all debts and claims provable under the bankruptcy law against his estate. *Held* that the judgment on the appeal bond and all costs incurred by appellee in the trial of the action below and in defending the appeal from such judgment were claims provable in the bank-

ruptcy proceeding, and the discharge of appellant was a payment of such claims by operation of law.

2. APPELLATE PRACTICE—SATISFACTION OF JUDGMENT PENDING APPEAL—DISMISSAL.

Where pending an appeal the judgment appealed from is paid and the subject of litigation is satisfied, the appeal will be dismissed, regardless of the effect of such dismissal on the sureties on the appeal bond.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN A. DEWEESE and Mr. M. B. CARPENTER, for appellant.

Mr. L. C. KENWORTHY, for appellee.

GUNTER, J.

July 13, 1898, appellee recovered judgment in the district court of Arapahoe county against appellant in a suit upon an appeal bond, which had been given by a defendant in a civil action upon an appeal from a money judgment. Upon this bond appellant Coe was one of the sureties. From said judgment of July 13, 1898, is this appeal.

The transcript of the record herein was filed September 22, 1898. June 16, 1900, appellant filed a petition in bankruptcy in the United States district court for the district of Colorado, wherein an order was entered November 19, 1900, discharging appellant from all debts and claims provable under the bankruptcy law against his estate and which existed June 16, 1900. December 14, 1900, appellant filed his supplemental answer herein, setting up such discharge, and prayed a dismissal of this action.

Appellant contends that the debt, or claim, involved herein was provable in this bankruptcy proceeding. This appellee denies. The determination of this issue decides whether the discharge is a defense to this action.

Section 63 of the bankruptcy act of 1898, defines the classes of debts provable. Subdivision 4 of subsection *a* of said

section provides that: "Debts of the bankrupt may be proved and allowed against his estate which are founded upon * * * a contract express. * * *" Subsection 3 of said section 63 provides that "debts of the bankrupt may be proved and allowed against his estate which are founded upon a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a provable debt." Subsection b of said section provides that "unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct and may thereafter be proved and allowed against his estate." The debt, or claim, involved in this suit is composed of damages claimed for breach of the express contract, the appeal bond, sued on herein and costs incurred by appellee in the trial of this action below, and in defending this appeal. Such claim existed June 16, 1900, the date of the filing of such petition in bankruptcy. Under said section the damages recoverable on said appeal bond were subject to liquidation under the direction of the court of bankruptcy and were provable in the bankruptcy proceeding. Such costs were also provable in such bankruptcy proceedings. The order of discharge of November 19, 1900, was therefore a payment by operation of law of such claims. The claims, the subject of this litigation, having been satisfied, the purpose of the litigation is ended and this action should be dismissed. A defense having been shown to the cause of action sued on, this court must dismiss the action regardless of the effect of such order on the sureties on the appeal bond herein.

Rulings under the bankruptcy law of 1867 are in point and sustain the conclusion above expressed. In *Fox v. Weed*, vol. 21 La. Annual Reports, 58, plaintiff sued defendant in court below for the value of two hundred cords of wood. Defendant pleaded the general denial. Judgment was for defendant. Plaintiff appealed. Pending the appeal defendant obtained a discharge in bankruptcy and presented such discharge as a plea in bar in the appellate proceedings.

The appellate court held such discharge a complete bar to further proceedings in that court and dismissed the appeal.

In *Haggarty v. Morrison*, 59 Mo. Rep. 324, judgment was rendered in the lower court on a promissory note. Defendant appealed. Pending the appeal defendant obtained his discharge in bankruptcy. Defendant presented such discharge in the appellate court and prayed to be discharged from said judgment. An order was entered as prayed.

In *Smith et al. v. Engle et al.*, 44 Iowa, 265, an attachment was levied and within four months defendant filed his petition in bankruptcy. A resolution of composition was adopted under the sanction of the court of bankruptcy. Defendant set up such composition in the state court and moved a dissolution of the attachment. The attachment was dissolved by the trial court and such order approved by the appellate court, the court holding that the debt of the attaching creditor was extinguished by the composition and that the attachment necessarily fell to the ground. See also *Parks v. Goodwin & Hand*, 1 Mich. 35; *Exchange Bank v. Knox*, 19 Grat. 739. In *Matter of Leszynsky*, 3 Benedict's Dist. Ct. Rep. 487, judgment had been recovered against the bankrupt in a trial court of the state of New York. From such judgment he appealed, giving security on such appeal. Thereafter he filed his petition in bankruptcy and obtained an injunction restraining the judgment creditors from proceeding in the matter of the appeal. This injunction the creditors moved to have modified in order to enable them to determine the amount of their claim against the bankrupt and to enforce their rights against the sureties. The motion was denied.

See also, *In the Matter of Metcalf et als., Bankrupts*, 2 Benedict's District Court Reports, 78.

The cases cited by appellee are not in conflict upon the question here involved, with the above authorities. Such cases are:

*In re Marcus et al.*, 104 Fed. Rep. 331. The facts there were: M. filed a bill in equity in the state court against D. While the bill was pending he was adjudged a *voluntary* bankrupt. After

the adjudication, but before discharge, a judgment was rendered in the bill in equity against him for costs. M. contended that such claim for costs was provable in the bankruptcy proceeding. This D. denied. The court held that such costs were not provable for the reason that all classes of costs provable were specified under subsection *a*, of said section 63, that costs of such character were not there enumerated. An inspection of subdivisions 2 and 3 of said subsection *a*, makes manifest that costs of the character involved in the contention of M. are not provable. While the costs from which the appellant herein is discharged by the bankruptcy proceeding are clearly within said subdivision 3.

Also *Manion v. Campbell*, 10 Mo. App. 92, affirmed 79 Mo. 105. The facts in such case were : A judgment had been rendered against defendant M. in the circuit court, from which he appealed, C. being one of the sureties on the appeal bond. In October, same year (1876), M. was adjudged a bankrupt. December 4th, same year, the judgment of the circuit court was affirmed. In 1877, Speck, plaintiff in the original suit, sued and recovered judgment against the sureties on the appeal bond. M. obtained his discharge in bankruptcy May, 1878. C. in October, 1879, paid a certain sum to Speck in satisfaction of such judgment against him as surety. C. sued M. to recover the sum so paid. M. plead in bar the discharge in bankruptcy. The court held that the claim of C. against M. was not provable in bankruptcy, because at the time of the adjudication in bankruptcy, October, 1876, the liability of C. on the appeal bond was not such a contingent liability that its value could be liquidated. It was impossible to fix a value on the possibility that the surety, C., would ever have a claim against his principal M. In the course of the opinion the court says :

" On a proper application on the part of the bankrupt the creditor whose claim was still in litigation in the appellate court might have been compelled to submit to a stay of all proceedings to await the determination of the court of bankruptcy on the question of the discharge, and had this been

done the discharge of the bankrupt would have discharged his sureties."

In *Hewett v. Norton*, Case No. 6,441, Fed Cases, Y. and H. were the executors and legatees of Hoover, and, as such, they took possession of his estate. Heirs of the testator Hoover filed in the state court a petition to set aside the will and the probate thereof. Later Y. and H. filed their petition and were adjudged bankrupts, turning over to their assignee certain plantations and other property claimed under the will. On petition of the assignee the United States district court granted an order restraining the heirs from proceeding further with their said suit in the state court. This order the United States circuit court reversed, holding that under sections 14 and 25 of the bankruptcy act of 1867, the suit might proceed, saying:

"It seems clear from these provisions that it is not the purpose of the bankrupt act to abate suits commenced before bankruptcy in which the title to the property surrendered by the bankrupt is in litigation."

In the case of *In re The St. Alban's Foundry Company*, U. S. Dist. Ct., district of Vermont, reported Am. Bankruptcy Reports, vol. 4, p. 594, suits against the employés of a corporation had been begun in the state court, aided by trustee process previous to the bankruptcy of the corporation. By such process the corporation had been called upon to disclose the amount due from it to the defendants. The return day of such process was subsequent to the bankruptcy. It was ruled that the court of bankruptcy should determine the amount due from the bankrupt to such defendants, that thereupon the receiver should answer such amount to the state court, that after judgment in the state court against the receiver, as trustee, under the process, such judgment might be proven as a claim before the referee and the proper dividends made.

As the debt, or claim, of appellee based upon the appeal bond sued on herein was a provable debt in the bankruptcy proceeding and discharged thereby, as the costs incurred by

the appellee in the court below and in this court in an action in good faith upon said provable claim, begun before the filing of the petition, were also provable in said bankruptcy proceeding and discharged thereby, nothing further remains to litigate herein, therefore, it is ordered that this cause be dismissed, each party paying his own costs.

*Dismissed.*